UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

N. VO, INC., D/B/A T & S DISCOUNT MARKET                      CIVIL ACTION

VERSUS                                                         NO. 07-6861

ATLANTIC CASUALTY INSURANCE                                    SECTION: "T"1
COMPANY

ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Atlantic Casualty Insurance Company. Rec. Doc. 8. Plaintiff filed an Opposition. Rec. Doc. 14. The matter came for hearing without oral argument on December 12, 2007, and was taken under submission. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

I.  BACKGROUND

Plaintiff, N. Vo d/b/a T & S Discount Market (hereinafter, "Plaintiff"), operates the T & S Discount Market store and deli located at 2733 Baronne Street in New Orleans, Louisiana. Atlantic Casualty Insurance Company (hereinafter, "ACIC") issued a commercial lines insurance policy to Tot, Inc. d/b/a T& S Discount Market bearing policy number M008000818 with an original policy period of November 13, 2004 to November 13, 2005. The policy provided general liability and business personal property coverage. On an unspecified date, but prior to Hurricane Katrina, Tot, Inc. sold the T & S Discount Market to N. Vo. The store sustained damage during Hurricane Katrina and Plaintiff made a claim to ACIC for coverage. The claim was denied and this action followed. The matter was originally filed in Civil District Court, Parish of Orleans, and removed based upon diversity of citizenship jurisdiction. *See* 28 U.S.C. §1331.

ACIC requests summary judgment arguing there is no coverage for N.Vo. ACIC argues that

pursuant to the Common Policy Conditions, the policy cannot be transferred without ACIC's written consent, except in the case of the death of an individual named insured.  *See* Rec. Doc. 10 at p. 7.  According to ACIC, when Tot, Inc. sold the property to N.Vo, the insurance did not follow unless ACIC gave its written consent for the policy to be transferred to N.Vo.  As it did not give any written consent for such transfer, ACIC claims there is no coverage.

Plaintiff counters that when the policy was issued on or about November 16, 2004, N.Vo. Inc. was the owner of T & S Discount Market having purchased the store in October 2004.  Further, Plaintiff provides that the agent allowed to bring business to ACIC visited the store on November 12, 2004 and accepted partial payment for the insurance premium on the market in the amount of $761.25 from the N.Vo representative.  The check was cashed and the policy forwarded to N.Vo at the Baronne Street address.  Plaintiff also states that N.Vo paid the remainder of the premium on the policy with two additional checks and that correspondence from the insurance agent relative to the policy was addressed to Mr. Vo at T & S Market.

Plaintiff first argues that only minimal disclosures have been made and no discovery conducted; thus, summary judgment is premature.  Rec. Doc. 14 at p. 1.  Plaintiff asserts that discovery needs to go forward because at the time the policy was issued in November 16, 2004, N. Vo was the owner of T & S Discount market.  Further, an agent with Martin Insurance Agency and who wrote coverage for ACIC, visited the T & S Discount Market on November 12, 2004, spoke with the president of N. Vo and collected payment for an insurance policy on the store.  Rec. Doc. 14 at p. 4.  Two additional premiums were paid by N.Vo for insurance and correspondence from the Martin Insurance Agency, Inc. was addressed to N.Vo and forwarded to it at the T & S Discount Market.  Rec. Doc. 14.  at p. 4.

Plaintiff argues that summary judgment is not appropriate at this time because: (1) ACIC should have been well aware of what it was insuring as the policy reflects that the premises insured is the T & S Discount Market; (2) Plaintiff allegedly received a policy naming T & S Discount Market as the insured; and (3) Review of ACIC's underwriting file and taking their corporate deposition is needed to explore fact issues. Plaintiff also urges there are fact issues remaining which preclude summary judgment, namely ACIC's knowledge, the intent of the parties, and the proper reading of the contract. Additionally, Plaintiff alleges that the role of Martin Insurance Agency must be explored. Rec. Doc. 14 at p. 5. Finally, Plaintiff argues that the policy should be reformed as it did not name the correct party in spite of the clear intent that N. Vo, Inc., was to be the named insured. The need for reformation, Plaintiff urges, can only be answered by the fact finder based on a full presentation of the testimony and facts and after discovery. Rec. Doc. 14 at pp. 5-6.

**II.    LAW AND ANALYSIS**

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(C). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995). Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.* at 588.

An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-0911 (La.1/14/94), 630 So.2d 759, 763 *citing Smith v. Matthews*, 611 So.2d 1377, 1379 (La.1993). "The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent." *Id. citing* La. C.C. art.2045 (defining contractual interpretation as "the determination of the common intent of the parties")). "The parties' intent as reflected by the words in the policy determine the extent of coverage." *Id. citing Trinity Industries, Inc. v. Insurance Co. of North America*, 916 F.2d 267, 269 (5th Cir.1990) *citing Pareti v. Sentry Indem. Co.*, 536 So.2d 417 (La.1988).

It is clear that the named insured on the declarations page is Tot, Inc. d/b/a T & S Discount Market and that the "you" and "your" referred to throughout the policy means solely the named insured on the declarations page. *See* Exhibit "A". It is also undisputed that the policy requires the written consent of the insurance company prior to transfer. The Common Policy Conditions provides, in pertinent part:

> F.   Transfer of Your Rights and Duties Under this Policy
>
> Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

*See* Exhibit "7" attached to Rec. Doc. 10 at p. 6.

4

It is undisputed that such written consent was never provided by ACIC. While it appears that the premises of the T & S Discount Market is covered, subject to the terms and conditions of the policy, the named insured and therefore, the entity or person who would receive any monies relative to coverage under the policy is listed as Tot, Inc. and not N.Vo. Therefore, N. Vo is not entitled to any payment under the policy.

Nevertheless, insurance policies may be reformed if, through mutual error or fraud, the policy as issued does not express the agreement of the parties." *See* William Shelby McKenzie and H. Alston Johnson, III, Louisiana Civil Law Treatise: Insurance Law and Practice, Vol. 15, § 5, p. 14 (2nd Ed.1996); *Earl Williams Const. Co. v. Thornton & Brooks, Inc.*, 501 So.2d 1037, 1039 (La.App. 2nd Cir.), writ denied, 504 So.2d 881 (La.1987). In the absence of fraud, the party seeking reformation has the burden of proving a mutual error in the written policy. *Samuels v. State Farm Mut. Auto. Ins. Co.* 939 So.2d 1235, 1240, 2006-0034 (La. 2006). In *Ferguson v. Belcher and Son,* 230 La. 422, 88 So.2d 806 (1956), the Louisiana Supreme Court indicated that "the burden is on the one seeking the reformation to prove the error, and he must carry said burden by clear, and the strongest possible proof." This requirement was modified in *Bonadona v. Guccione*, 362 So.2d 740 (La.1978), which held that the clear and convincing evidence of mutual mistake was necessary only when a party sought to prove that the insurer had insured a substantially different and greater risk than that expressed by the written policy. On the other hand, only the normal burden of proof by a preponderance of the evidence was required to reform a policy in a manner which did not substantially affect the risk assumed by the insurer. *Id.*

The Court finds that Plaintiff has met its burden in defeating summary judgment at this time because a genuine issue of fact remains as to whether the policy can or should be reformed to list

N. Vo as the named insured because it paid the policy premiums, the agent which procured the coverage sent correspondence to N. Vo about the coverage for the market and sent such correspondence to the market and a portion of the premium was paid well in advance of the hurricane by N.Vo.  *See* Plaintiff's Statement of Undisputed Material Facts attached to Rec. Doc. 14.  Because Plaintiff has raised a genuine issue of fact on the issue of whether there was error in ACIC failing to name it as the insured, the Court denies summary judgment at this time.  However, this ruling does not preclude either party from moving for summary judgment on the reformation or any other issue at a later date.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, Rec. Doc. 8, is **DENIED.**

New Orleans, Louisiana this 10th day of March, 2008.

	_____
	**UNITED STATES DISTRICT JUDGE
	G. THOMAS PORTEOUS, JR.**